UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

JIMENEZ ARMS J.A. NINE PISTOL
CAL: 9 SN: 422298,

JIMENEZ ARMS J.A. NINE PISTOL
CAL: 9 SN: 422290,

JIMENEZ ARMS J.A. NINE PISTOL
CAL: 9 SN: 422297,

TAURUS PT111 MILLENNIUM G2
PISTOL CAL: 9 SN: TKU24832,

147 ROUNDS ASSORTED
AMMUNITION CAL: ASSORTED,

100 ROUNDS FEDERAL
AMMUNITION CAL: 9, and

47 ROUNDS SPEER AMMUNITION
CAL: 40

          Defendants.
_____/

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, hereby files this complaint for forfeiture and alleges as follows:

1

1. This is a civil action *in rem* for the forfeiture of the following Defendant Firearms per Title 18, United States Code, Section 924(d):

    a. A Jimenez Arms J.A. Nine Pistol Cal: 9 SN: 422298;

    b. A Jimenez Arms J.A. Nine Pistol Cal: 9 SN: 422290;

    c. A Jimenez Arms J.A. Nine Pistol Cal: 9 SN: 422297;

    d. A Taurus PT111 Millennium G2 Pistol Cal: 9 SN: TKU24832;

    e. 147 rounds of assorted ammunition Cal: assorted;

    f. 100 rounds Federal ammunition Cal: 9; and

    g. 47 rounds Speer ammunition Cal: 40

(collectively, "Defendant Firearms").

2. The Court has jurisdiction over this subject matter per Title 28, United States Code, Sections 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Firearms per Title 28, United States Code, Section 1355.

4. This Court has venue over this action per Title 28 United States Code, Sections 1355 and 1395.

## FACTS

5. On or about July 26, 2018, West Palm Beach Customs and Border Protection began an inspection of a 2003 Mitsubishi SUV at the Port of Palm Beach,[1] which was scheduled to be exported to St. Marc, Haiti. The vehicle was being exported by Yves Joseph.

6. During the inspection, agents discovered three large cardboard boxes, which were

---

[1] The Port of Palm Beach is located within the Southern District of Florida.

removed for x-ray screening. The x-ray showed that the boxes contained three empty gun boxes for Jimenez Arms pistols, as well as paint cans.

7. The Defendant Firearms were found inside the paint cans.

8. The Defendant Firearms were not listed as contents of the shipment on the manifest to the common carrier.

9. Agents were able to determine that Joseph purchased all four firearms.

10. On August 1, 2018, agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives and Homeland Security Investigations interviewed Joseph. That interview was audio recorded.

11. In the interview, Joseph stated that he filled out the required contents list and all other required paperwork for the export of his 2003 Mitsubishi. He further stated that he personally dropped off the vehicle at the port, but he could not remember on what exact date he did so.

12. Joseph also told the agents that the Defendant Firearms belonged to him, and they were necessary for the protection of his business in Haiti. He went on to say that he initially tried to ship the Defendant Firearms by air transport, but he was denied, and as a result, he decided to put the Defendant Firearms in paint cans in his vehicle and ship the vehicle and its contents to Haiti.

## LEGAL BASIS FOR FORFEITURE

13. Title 18, United States Code, Section 924(d) subjects to seizure and forfeiture any firearm or ammunition involved in or used in any willful violation of Title 18, United States Code, Section 922 or any other violation of any other criminal law of the United States.

14. Title 18 United States Code, Section 922(e) makes it unlawful for

any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped.

15. Title 18 United States Code, Section 554 provides that it is unlawful to

fraudulently or knowingly export[] or send[] from the United States, or attempt[] to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receive[], conceal[], buy[], sell[], or in any manner facilitate[] the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States.

16. The Defendant Firearms are subject to forfeiture pursuant Title 18, United States Code, Section 924(d) as firearms and ammunition involved in or used in Joseph's willful violations of Title 18, United States Code, Sections 554 and 922(e).

**WHEREFORE**, Plaintiff, United States of America requests, that any and all persons having any claim to the Defendant Firearms be directed to file and serve their verified claims and answers as required by Rule G(5), of the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof, and further requests that the Court declare the Defendant Firearms condemned and forfeit to the United States of America, and that Plaintiff have such other and further relief as may be just and proper.

        Ariana Fajardo Orshan
        United States Attorney

        */s/ Nicole Grosnoff*
        Nicole Grosnoff
        Assistant United States Attorney
        Court ID No. A5502029
        nicole.s.grosnoff@usdoj.gov
        U.S. Attorney's Office
        99 Northeast Fourth Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9294
        Facsimile: (305) 536-4089

## VERIFICATION

I, Special Agent Mark Finnamore, hereby verify and declare under penalty of perjury, pursuant to Title 28, Untied States Code, Section 1746, that I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives that I have read the foregoing Verified Complaint for Forfeiture and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture are true to my own knowledge and my belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:

_____
Mark Finnamore
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives